IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUZETTE HAMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-07-93 |
| EWING CONSTRUCTION CO., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day came on to be considered Defendant Ewing Construction Company, Inc.'s motion to dismiss Plaintiff Suzette Hamer's claim under Chapter 21 of the Texas Labor Code (D.E. 10). For the reasons set forth below, Defendant's motion to dismiss is hereby DENIED.

## I.   Jurisdiction

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## II.   Factual Background

Plaintiff makes the following allegations in her First Amended Original Complaint ("Amended Complaint").  Plaintiff, a female, began working for the Defendant in January, 2004.  Plaintiff was employed as an estimator.  Defendant terminated Plaintiff's employment on August 2, 2005, and Plaintiff says that she was

replaced in her position by a male. Plaintiff alleges that she was discriminated against as a result of her gender.

On December 29, 2005, Plaintiff prepared an "Employment Intake Questionnaire" regarding her termination. (Response, Exh. 2). Plaintiff submitted this questionnaire to the Corpus Christi Human Relations Commission ("CCHRC"), and it was received by the CCHRC on January 20, 2006.

Plaintiff filed her formal charge of discrimination with the CCHRC on February 16, 2006. (Motion, Exh. 2). Plaintiff requested that her formal charge of discrimination be filed with the federal Equal Employment Opportunity Commission ("EEOC") "and the State or local Agency". (Id.).

## III. **Procedural Background**

Plaintiff originally filed this case in state court on February 7, 2007, and Defendant was served on February 8, 2007. On February 26, 2007, Defendant removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, ¶¶ 1-2).

In her Original Petition, Plaintiff only alleged a cause of action under Title VII.[1] (Original Petition, ¶¶ 11-21). Plaintiff filed her Amended Petition in state court on February 26, 2007, the

---

[1] In her Original Petition, Plaintiff did make one reference to the Texas Commission on Human Rights Act (Chapter 21 of the Texas Labor Code), but Plaintiff did not specifically allege a claim against Defendant under the TCHRA.

same day this case was removed to federal court.[2]  In her Amended Petition, Plaintiff added a state law claim against the Defendant, pursuant to Chapter 21 of the Texas Labor Code.  (Amended Petition, ¶¶ 12, 23).

Defendant filed the instant motion to dismiss on April 2, 2007 (D.E. 10).  Defendant argues that Plaintiff's state law claim should be dismissed because Plaintiff did not file a timely charge of discrimination with the appropriate agency, which Defendant claims is a mandatory and jurisdictional requirement for a claim under Chapter 21 of the Texas Labor Code.

Plaintiff filed her response to Defendant's motion to dismiss on April 14, 2007 (D.E. 12).  Plaintiff argues that her state law claim should not be dismissed, because she filed her employment intake questionnaire with the CCHRC within 180 days of her termination.[3]

## IV. <u>Discussion</u>

### A. <u>Motions to Dismiss</u>

"Motions to dismiss are viewed with disfavor and are rarely granted."  <u>Test Masters Educ. Services, Inc. v. Singh</u>, 428 F.3d

---

[2]The parties have confirmed that Plaintiff's Amended Petition was filed in state court before Defendant removed the case to this Court. Accordingly, Plaintiff's Amended Petition is the operative pleading in this case.

[3]Defendant filed a reply in support of its motion on April 17, 2007 (D.E. 13).  Defendant calls this pleading a "sur-reply," but it is actually a reply brief in support of the motion to dismiss.

559, 570 (5th Cir. 2005); <u>Lowrey v. Texas A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).  In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999).  The Court must also draw all reasonable inferences from those facts in the plaintiff's favor.  <u>See</u> <u>Lovick v. Ritemoney Ltd.</u>, 378 F.3d 433, 437 (5th Cir. 2004).  Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995); <u>see also</u> <u>Scanlan v. Texas A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003); <u>Lowrey</u>, 117 F.3d at 247 (stating that "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief").

**B.**   **<u>Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act)</u>**

Chapter 21 of the Texas Labor Code is also known as the Texas Commission on Human Rights Act ("TCHRA").[4]  "TCHRA provides that it

---

[4]The TCHRA was enacted for several express purposes, including but not limited to:  (1) "the execution of the policies of Title VII of the Civil Rights Act of 1964";  (2) securing freedom from discrimination in employment transactions "for persons in this state, including persons with disabilities";  and

is unlawful for an employer to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, national origin, or age." De Santiago v. West Texas Cmty. Supervision & Corrs. Dept., 203 S.W.3d 387, 391 (Tex. App.-- El Paso 2006); Tex. Lab. Code § 21.051.[5]

### 1.   Texas Labor Code Section 21.202

In order to bring a claim under the TCHRA, the plaintiff must file a complaint with the Texas Commission on Human Rights ("TCHR") within 180 days after the alleged discrimination took place.[6] See Tex. Lab. Code § 21.202 ("[a] complaint under [the TCHRA] must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred ... [and] The commission

---

(3) the development of the "full productive capacities of persons of this state." Tex. Lab. Code §§ 21.001(1), (4), (5).

[5]Of note, the Fifth Circuit has held that the law governing TCHRA claims is identical to the law governing Title VII. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403 n.2 (5th Cir. 1999); Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 220 n.10 (5th Cir. 2001) (stating that a court need not consider a Chapter 21 claim and Title VII claim separately "because generally such claims are analyzed under our Title VII precedent"); Austin State Hosp. v. Kitchen, 903 S.W.2d 83 (Tex. App.--Austin 1995) (Texas courts look to analogous federal law in interpreting the TCHRA, as the Act seeks to promote federal civil rights policy and Texas has little case law interpreting the Act).

[6]The Texas Commission on Human Rights is now referred to as the "Texas Workforce Commission - Civil Rights Division." For ease of reference, this Order will refer to the agency as the Texas Commission on Human Rights (TCHR), since that is the name used in the applicable statutes and case law.

shall dismiss an untimely complaint." Tex. Lab. Code § 21.202; see also Basic Capital Mgmt., Inc. v. Phan, 2001 WL 893986, *3 (Tex. App.--Dallas 2001) ("Under the TCHRA, the complaining party must file a complaint with the [Texas Commission on Human Rights] no more than 180 days after the date of the alleged unlawful practice"); Eubanks v. LDDS Communications, Inc., 1999 WL 511519, *2 (Tex. App.--San Antonio 1999) ("The TCHRA requires an aggrieved employee to file a claim with the Texas Commission on Human Rights within 180 days after the date the alleged unlawful employment practice occurred"); Perez v. Living Centers-Devcon, Inc., 963 S.W.2d 870, 872 (Tex. App.--San Antonio 1998) (same).

2.    **Requirement to File a Timely Complaint with TCHR is Mandatory and Jurisdictional**

This requirement to file a timely complaint with the TCHR within 180 days after the discriminatory event took place is "mandatory and jurisdictional". Pegram v. Honeywell, Inc., 361 F.3d 272, 281 (5th Cir. 2004) (internal citations omitted) ("To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the TCHR within 180 days after the alleged unlawful employment action.  Parallel to the corollary federal provisions in Title VII, the TCHRA limitations period has been construed as mandatory and jurisdictional under Texas law."); David G. Ocampo v. Lab. Corp. of America, 2005 WL 2708790, *7 (W.D. Tex. 2005) (same); Specialty Retailers, Inc. v. DeMoranville, 933

S.W.2d 490, 492 (Tex. 1996) (same).

### C.   **Plaintiff's "Relation Back" Argument**

Plaintiff's formal charge of discrimination was filed with the TCHR on February 16, 2006, which is more than 180 days after her termination on August 2, 2005. However, Plaintiff argues that her formal charge of discrimination "relates back" to the employment intake questionnaire that was received by the CCHRC on January 20, 2006, which is less than 180 days after Plaintiff's date of termination.

### 1.   **Statutory Requirements for THCRA Complaint**

A complaint under the THCRA must state "(1) that an unlawful employment practice has been committed; (2) the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and (3) facts sufficient to enable the TCHR to identify the respondent." Williams v. Vought, 68 S.W.3d 102, 108 (Tex. App.--Dallas 2001); see also Tex. Lab. Code § 21.201(c). The complaint must also be "in writing and *made under oath*." Tex. Lab. Code § 21.201(b).[7]

### 2.   **Amendment of Complaint and "Relation Back" to Earlier Document**

Section 21.201(e) of the Texas Labor Code states that "[a]

---

[7]Of note, Plaintiff's employment intake questionnaire was signed by Plaintiff, but it was not signed under oath. Plaintiff's formal charge of discrimination was signed under oath.

complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint." Section 12.201(f) states that "[a]n amendment to a complaint ... relating to or arising from the subject matter of the original complaint **relates back to the date the complaint was first received by the commission**." Tex. Lab. Code § 12.201(f) (emphasis added).

### 3.   Employment Intake Questionnaire

Several cases have held that the filing of a sworn charge of discrimination <u>relates back</u> to the date the plaintiff filed a document such as an employment intake questionnaire. <u>See</u> <u>Hansen v. AON Risk Services of Tex., Inc.</u>, 2006 WL 846363, *5 (S.D. Tex. 2006) (emphasis added) ("**under both Texas and federal law, the filing of a sworn charge of discrimination relates back to the date on which plaintiff filed the intake questionnaire.**"); <u>Hennigan v. I.P. Petroleum Co., Inc.</u>, 858 S.W.2d 371, 373 (Tex. 1993) ("a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit"); <u>see also</u> <u>Casavantes v. California State Univ., Sacramento</u>, 732 F.2d 1441, 1443 (9th Cir. 1984) ("while Casavantes's [intake] questionnaire was not signed or verified, those deficiencies were cured by amendment when the formal charge document was filed ... We are thus led to the inescapable conclusion that the completed Intake Questionnaire ...

is sufficient to constitute a charge.").

**D.    Plaintiff's Formal Charge of Discrimination Relates Back to her Employment Intake Questionnaire**

The employment intake questionnaire prepared by Plaintiff contains the pertinent facts regarding the Defendant's alleged discrimination against Plaintiff.   Plaintiff writes in the questionnaire that she was terminated on August 2, 2005, and that she believes she was discriminated against based on her gender. She includes information about her employment history with the Defendant, lists the name and position of her immediate supervisor at the company, and provides a one paragraph narrative regarding the Defendant's alleged discrimination.   In the questionnaire, Plaintiff indicates that she is seeking past and future lost wages, mental anguish and attorney's fees.   Plaintiff signed the questionnaire, dated December 29, 2005, and it was received by CCHRC on January 20, 2006.[8]

---

[8]The Court notes Defendant's argument that CCHRC has "no relationship to" the TCHR, and that CCRC's receipt of the intake questionnaire does not mean it was received by TCHR.  (Reply, pp. 2-3).  The Court does not find this argument to be persuasive, because of case law stating that "**the Corpus Christi Human Relations Commission [is] a division of the Texas Commission on Human Rights**."  Johnson v. Hoechst Celanese Corp., 127 S.W.3d 875, 878 (Tex. App.--Corpus Christi 2004) (emphasis added); see also Southwestern Bell Mobile Systems, Inc. v. Franco, 971 S.W.2d 52, 53 (Tex. 1998) (emphasis added) (the plaintiff "subsequently filed charges of unlawful discrimination with **the Corpus Christi Human Relations Commission, an arm of the Texas Commission for Human Rights**"); see also Texas A & M Univ., Corpus Christi v. Vanzante, 159 S.W.3d 791, 793 (Tex. App.--Corpus Christi 2005) (finding that a TCHRA plaintiff satisfied the 180 day

Plaintiff's employment intake questionnaire provides the pertinent information required of a complaint under the Texas Labor Code, namely that an unlawful employment practice has been committed, the facts on which the complaint is based, and facts sufficient to enable the THCR to identify the respondent in the case.  See <u>Williams</u>, 68 S.W.3d at 108.

As noted above, pursuant to Texas Labor Code § 21.201(f), "[a]n amendment to a complaint ... relates back to the date the complaint was first received by the commission."  In this case, Plaintiff's employment intake questionnaire provided the same, if not more, information as her formal charge of discrimination. While Plaintiff's employment intake questionnaire was not signed under oath (as is required by Texas Labor Code § 21.201(b)), Plaintiff's later formal charge of discrimination amended this defect.  This amendment relates back to the date Plaintiff filed her original employment intake questionnaire.  See <u>Hansen</u>, 2006 WL

---

jurisdictional requirement where the plaintiff "filed an employment intake questionnaire supplied by the Corpus Christi Human Relations Commission" within 180 days of the alleged act of discrimination).  While Defendant submits a declaration from the then-Acting Director of the CCHRC stating that the CCHRC is "not a part or department of the Texas Commission on Human Rights", this declaration was filed in <u>another case</u> and is dated <u>May, 2001</u>.  In contrast, the <u>Johnson</u> case referred to above is dated from 2004, and that case states that the CCHRC <u>is</u> a division of the TCHR.  <u>See Johnson</u>, 127 S.W.3d at 878.  Accordingly, Plaintiff's submission of the employment intake questionnaire to the CCHRC appears to consist of submission of the document to an "arm of" the TCHR, and in the context of a Rule 12(b)(6) motion to dismiss, the Court does not accept Defendant's argument on this point.  <u>Southwestern Bell Mobile Systems, Inc.</u>, 971 S.W.2d at 53.

846363 at *5 ("under both Texas and federal law, the filing of a sworn charge of discrimination relates back to the date on which plaintiff filed the intake questionnaire.").

Accordingly, viewed in the light most favorable to the Plaintiff and with every doubt resolved in her behalf, Plaintiff did not file an untimely complaint under Texas Labor Code § 21.201. Plaintiff's employment intake questionnaire was received by the CCHRC (an "arm of" the TCHR) before the 180 day limit had expired, and Plaintiff's formal charge of discrimination relates back to that date. Southwestern Bell Mobile Systems, Inc., 971 S.W.2d at 53. Plaintiff's THCRA claim should therefore not be dismissed for failure to comply with Texas Labor Code § 21.202.[9]

[9]The Court also notes Defendant's argument that Plaintiff cannot bring her TCHRA claim because she did not receive a "right to sue" letter from the TCHR. (Motion, p. 3, Reply, p. 3). This argument not persuasive, because Plaintiff does not require a right to sue letter to bring her state law claim. See City of Houston v. Fletcher, 63 S.W.3d 920, 923 (Tex. App.--Houston [14th Dist.] 2002) ("We conclude that the right-to-sue letter is not part of the exhaustion requirement"); Sympson v. Dallas/Fort Worth Intern. Airport Bd., 2005 WL 1356388, *2 (Tex. App.--Fort Worth 2005) ("In Texas, receipt of a right to sue letter is not jurisdictional and is not mandatory before filing suit"); Burgmann Seals America, Inc. v. Cadenhead, 135 S.W.3d 854, 857 (Tex. App.--Houston [1st Dist.] 2004) ("a complainant's exhaustion of remedies in a discrimination complaint occurs when the complainant files a timely charge with TCHR and waits 181 days to file suit."); see also Tex. Lab. Code § 21.252(d) ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter [the TCHRA] to bring a civil action against the respondent."). Rather, what is required for jurisdiction is that Plaintiff must be entitled to possess a right to sue letter. See Castillo v. Homan, 2005 WL 2000675, *4 (S.D. Tex. 2005) ("While actual possession of a right to sue letter is not mandatory before filing a suit under the TCHRA, Castillo must be entitled

## V.  <u>Conclusion</u>

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's state law claim under Chapter 21 of the Texas Labor Code is hereby DENIED.  Plaintiff's TCHRA claim against Defendant remains pending in this case.

SIGNED and ENTERED this 24th day of April, 2007.

_____
Janis Graham Jack
United States District Judge

---

to the right to possess the right to sue letter"). "Specifically, a plaintiff is entitled to a right-to-sue letter *by the mere passage of 180 days after filing a timely, sworn, written complaint with the Commission*." <u>City of Houston</u>, 63 S.W.3d at 923 (emphasis added) (referring to Tex. Lab. Code § 21.208)).  In this case, when Plaintiff filed suit, more than 180 days had passed since Plaintiff filed her formal sworn charge of discrimination.  Accordingly, Plaintiff did not need to possess a right to sue letter from TCHR in order to bring her TCHRA claim. <u>See</u> <u>id.</u>